UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR NELSON PITTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>Defendants. | 1:19-cv-01029-NONE-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document #19) |

On February 14, 2020, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff asserts that his documents were wrongly confiscated by prison officials. While loss of his documents makes it difficult for Plaintiff to litigate this case, this condition does not cause Plaintiff's case to be exceptional under the standards of the Ninth Circuit discussed above. At this early stage in the proceedings, the court is unable to make a determination that plaintiff is likely to succeed on the merits. Plaintiff's Complaint awaits the court's screening required under 28 U.S.C. § 1915 and thus to date, the court has not found any cognizable claims in plaintiff's Complaint. The legal issues in this case -- whether defendants retaliated against Plaintiff and violated Plaintiff's due process and Eighth Amendment rights by detaining him in solitary confinement -- are not complex. Moreover, based on a review of the record in this case, the court finds that plaintiff can adequately articulate his claims. Therefore, plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 20, 2020**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE