UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR NELSON PITTS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>　　　　Defendants. | 1:19-cv-01029-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTON AND/OR TEMPORARY RESRAINING ORDER BE DENIED (ECF No. 17.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.　BACKGROUND**

Edgar Nelson Pitts ("Plaintiff") is a federal prisoner proceeding *pro se* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on July 29, 2019. (ECF No. 1.) On January 27, 2020, Plaintiff filed a motion for a preliminary injunction and/or temporary restraining order, which is now before the court. (ECF No. 17.)

**II.　PRELIMINARY INJUNCTIVE RELIEF**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one

1  "becomes a party officially, and is required to take action in that capacity, only upon service of
2  summons or other authority-asserting measure stating the time within which the party served
3  must appear to defend.).  Furthermore, the pendency of this action does not give the Court
4  jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–
5  93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction
6  is limited to the parties in this action and to the viable legal claims upon which this action is
7  proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.  The court may not attempt
8  to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell,
9  245 U.S. 229, 234-35, 38 S.Ct. 65, 62 L.Ed. 260 (1916); Zepeda v. INS, 753 F.2d 719, 727-28
10 (9th Cir. 1983); Lathrop v. Unidentified, Wrecked & Abandoned Vessel, 817 F.Supp. 953, 961
11 (M.D. Fl. 1993); Kandlbinder v. Reagan, 713 F.Supp. 337, 339 (W.D. Mo. 1989); Suster v.
12 Marshall, 952 F. Supp. 693, 701 (N.D. Ohio 1996); see also Califano v. Yamasaki, 442 U.S. 682,
13 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (injunctive relief must be "narrowly tailored to give
14 only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2)
15 an injunction binds only "the parties to the action," their "officers, agents, servants, employees,
16 and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P.
17 65(d)(2)(A)-(C).

18     A temporary restraining order is an extraordinary measure of relief that a federal court
19 may impose without notice to the adverse party if, in an affidavit or verified complaint, the
20 moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result
21 to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).
22 The substantive purpose of a TRO is to preserve the status quo before a preliminary injunction
23 hearing may be held; its provisional remedial nature is designed merely to prevent irreparable
24 loss of rights prior to judgment.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto
25 Truck Drivers, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).  But the legal standard
26 that applies to a motion for a TRO is the same as a motion for a preliminary injunction. See
27 Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).
28

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017) (same). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

### III. PLAINTIFF'S MOTION

Plaintiff requests a court order requiring Correctional Officers O. Lancaster, Boze, and Anderson to return his personal property to him. Plaintiff alleges that these officers confiscated his property out of retaliation on December 4, 2019. Plaintiff asserts that he needs these documents to prepare for upcoming proceedings.

The court lacks jurisdiction to provide Plaintiff with the order he seeks because the order would not remedy any of the claims against the defendants named in this case, who are: Andre Matevousian (Warden), Frederick Frandle (Hearing Administrator), or Doe #1 (unknown psychologist). This case was filed against defendants Matevousian, Frandle, and Doe #1 based

on events occurring prior to July 29, 2019 at USP-Atwater; however, Plaintiff is requesting a court order compelling Correctional Officers Lancaster, Boze, and Anderson to return his personal property to him. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction and/or temporary restraining order, filed on January 27, 2020, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 27, 2020**                         **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE