UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR NELSON PITTS,<br><br>      Plaintiff,<br><br>vs.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>      Defendants. | 1:19-cv-01029-NONE-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CHANGE OF VENUE (ECF No. 23.)**<br><br>**ORDER TRANSFERRING CASE TO U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO** |

**I.    BACKGROUND**

Edgar Nelson Pitts ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this case on July 29, 2019. (ECF No. 1.)

On August 31, 2020, Plaintiff filed a motion for change of venue. (ECF No. 23.)

**II.    CHANGE OF VENUE**

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

**Discussion**

Plaintiff requests a change of venue for this case from the United States District Court for the Eastern District of California to the United States District Court for the District of Colorado. Plaintiff argues that the District of Colorado has jurisdiction over this case. (ECF No. 1 at 7.)

Plaintiff's argument has merit. Plaintiff's Complaint is brought pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff names as defendants Andre Matevousian (Warden, Florence ADMAX USP), Frederick Frandle (Hearing Administrator, North Central Regional Office [Bureau of Prisons], and an unknown Psychologist (employed at the Central Office [Bureau of Prisons]. None of the named defendants reside in the Eastern District of California. It is apparent from a reading of Plaintiff's allegations in the Complaint that the center of gravity of this case is at the ADMAX USP in Florence, Colorado, which is located in the District of Colorado where a substantial part of the events giving rise to the claim occurred.

Because none of the defendants reside in the Eastern District of California, and a substantial part of the events giving rise to the Plaintiff's claims occurred in the District of Colorado, venue for this action is proper only in the United States District Court for the District of Colorado. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

Therefore, Plaintiff's motion for change of venue shall be granted.

### III. CONCLUSION

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for change of venue, filed on August 31, 2020 is GRANTED;

///

2. This case is TRANSFERRED to the United States District Court for the District of Colorado; and,

3. The Clerk of this court is directed to transfer this case as set forth above.

IT IS SO ORDERED.

Dated: **September 2, 2020**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE